IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| RONALD L. HALL, ) | |
| JACQUELYN D. HALL, ) | Bankruptcy No. 11-02339 |
| ) | |
|    Debtors. ) | |
| ------------------------------------------------- | |
| FIA CARD SERVICES, N.A., ) | |
| ) | Adversary No. 11-09092 |
|    Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RONALD L. HALL, ) | |
| ) | |
|    Defendant. ) | |

**ORDER RE: MOTION TO DEEM PLAINTIFF'S
FIRST REQUEST FOR ADMISSIONS ADMITTED
AND FOR SUMMARY JUDGMENT**

This matter came before the undersigned on September 21, 2012 for telephonic hearing. Attorney Evan Moscov appeared for Plaintiff FIA Card Services, N.A. Attorney Brian Peters appeared for Debtor/Defendant Ronald Hall. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff filed a complaint to except credit card debt from discharge under § 523(a)(2). On January 13, 2012, it served discovery requests on Debtor, including requests for admissions. Debtor failed to respond to the requests for

admissions for almost six months.  Plaintiff seeks entry of summary judgment, asserting the relevant facts should be deemed admitted based on Debtor's failure to answer or object to the request for admissions within 30 days.

Debtor resists.  In the Resistance to the Motion for Summary Judgment filed August 29, 2012, he moves that the deemed admissions be withdrawn or amended. Debtor responded to the requests for admissions after the 30-day deadline, but before Creditor filed the Motion for Summary Judgment.  He asks that the late responses, attached to the Resistance, be substituted for the deemed admissions. Debtor asserts his responses raise issues of fact which preclude summary judgment for Plaintiff.

## CONCLUSIONS OF LAW

Pursuant to Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7056).  A genuine issue of material fact exists when (1) there is probative evidence supporting the non-moving party and (2) the evidence goes to a fact impacting the outcome of the dispute under the controlling substantive law in the case.  Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986).  When a party moves for summary judgment, the court views the record in the light most favorable to the nonmoving party and affords that party all reasonable inferences.  Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Plaintiff asserts no facts are in dispute based on Debtor's failure to timely respond to requests for admissions served under to Rule 36(a).  Paragraph (3) of that section states: "A matter is admitted unless, within 30 days after being served,

2

the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3) (applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7036). Rule 36(b) addresses the effect of an admission as follows:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). Summary judgment may be granted on the basis of unanswered requests for admissions if the admitted facts are dispositive. In re Herz, 2009 WL 1107744, at *1 (Bankr. N.D. Iowa April 23, 2009); In re Stevens, 322 B.R. 133, 136 (Bankr. E.D. Mo. 2005).

Once matters specified in requests for admissions are "admitted" under Rule 36(a)(3) and "conclusively established" under Rule 36(b), the proper procedure is to file a motion to withdraw or amend the admissions. Quasius v. Schwan Food Co., 596 F.3d 947, 951 (8th Cir. 2010). The court may, in its discretion, permit withdrawal or amendment if a two-prong test is met which considers the effect upon the litigation and prejudice to the resisting party. Federal Deposit Ins. Corp. v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994). The first prong considers whether permitting the amendment subserves the presentation of the merits of the action. Id. The second prong contemplates prejudice relating to

> the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted. The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient. Likewise,

3

    preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.

Id. (citations omitted).

## ANALYSIS

Thirty days after Plaintiff served requests for admissions on Debtor, the unanswered admissions became conclusively established. Plaintiff asserts these established facts entitle it to summary judgment, leaving no material facts in dispute. Debtor was extremely dilatory in responding to the requests for admissions several months late. According to the record, he responded on June 25, 2012. Debtor requests that the admissions conclusively established under Rule 36(b) be withdrawn and amended by the later responses.

The Court has discretion to allow Debtor to amend the admissions. Obviously, allowing Debtor to amend would promote the presentation of the merits of the action. Rather than having summary judgment entered because of a missed deadline, Debtor would have the opportunity to present the merits of his case at trial.

Plaintiff has the burden to show that it would be prejudiced in maintaining its action on the merits. In its reply in support of the Motion for Summary Judgment, Plaintiff states it is prejudiced as a consequence of Debtor withdrawing and amending the admissions because "a trial shall occur with all of its attendant risks and costs." Pursuant to the foregoing, however, this is not the type of prejudice contemplated by Rule 36(b). The Court concludes that Debtor's motion to amend or withdraw the admissions should be granted. This creates factual disputes which preclude entry of summary judgment in Plaintiff's favor.

**WHEREFORE**, the Motion to Deem Plaintiff's First Request for Admissions Admitted and for Summary Judgment is DENIED.

**FURTHER**, Debtor's motion to amend or withdraw the admissions is GRANTED.

Dated and Entered: September 28, 2012

*[signature]*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE